UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOOD MAN PRODUCTIONS, INC.,

      Plaintiff,

v.                          CASE No. 8:14-CV-3007-T-33TGW

JOHN DOE subscriber assigned IP
address 173.65.30.99,

      Defendant.

_____

ORDER

      THIS CAUSE came on for consideration upon the Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. 5).

      The plaintiff filed this action alleging copyright infringement against the unnamed defendant, John Doe subscriber assigned IP address 173.65.30.99 (herein after "the defendant") (Doc. 1). The plaintiff has identified the Internet Protocol ("IP") address for the defendant from which the allegedly infringing conduct has occurred. By the instant motion, the plaintiff seeks to issue a third-party subpoena to the defendant's Internet Service Provider ("ISP") to ascertain the defendant's true identity prior to the scheduling conference required under Rule 26(f), Fed.R.Civ.P. (Doc. 5).

Typically, absent a court order, a party may not seek discovery from any source before the Rule 26(f) conference. Fed.R.Civ.P. 26(d)(1). A court may allow expedited discovery prior to the Rule 26(f) conference upon a showing of good cause, however. Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc., 8:08-CV-310-T-27MAP, 2008 WL 927558 *1 (M.D. Fla. April 4, 2008); Arista Records LLC v. Does 1-7, 3:08-CV-18(CDL), 2008 WL 542709 *1 (M.D. Ga. Feb. 25, 2008); see Fed.R.Civ.P. 26(b) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). Here, the plaintiff has established that it holds a copyright for the movie allegedly copied and distributed by the defendant through the use of BitTorrent protocol (Doc. 4-2), and that a forensic investigation revealed potential infringement of the plaintiff's rights in that work by the defendant (Doc. 7). The plaintiff has clearly identified the information sought through discovery by identifying the IP address of the defendant as well as the "hit date" and ISP for the IP address and shown that it has no other way to obtain the defendant's true identity. Moreover, the information the plaintiff seeks is time sensitive as ISPs do not retain user activity logs for an extended duration (see Doc. 5-1, p. 3). See also Arista Records, 3:08-CV-18(CDL), 2008 WL 542709 *1. Accordingly, if the

-2-

plaintiff does not timely obtain the defendant's identifying information, the plaintiff may lose its ability to pursue its claims in this action. As such, the plaintiff has established good cause for proceeding with expedited discovery prior to the Rule 26(f) conference.

Although the plaintiff has shown good cause for early discovery, its broad request does not sufficiently protect against the likelihood that an innocent defendant may be publicly identified by having his or her identity associated with allegations of illegal downloading of films. As another court aptly stated:

> [T]he ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes. ... By defining Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.

SBO Pictures, Inc. v. Does 1-3036, No. 11-4220 SC, 2011 WL 6002620 *3 (N.D. Cal. Nov. 30, 2011) (internal quotation and citation omitted). Accordingly, procedural protections are necessary before any identifying

information is made public.   See In re BitTorrent Adult Film Copyright
Infringement Cases, 2012 WL 1570765 (E.D.N.Y. 2012).

It is, therefore, upon consideration,

ORDERED:

1. That the Motion for Leave to Serve a Third Party Subpoena
Prior to a Rule 26(f) Conference (Doc. 5) be, and the same is hereby,
**GRANTED**.

2. The plaintiff may serve the defendant's ISP with a Rule 45
subpoena commanding it to provide the plaintiff with the true name, address,
telephone number, and e-mail address of the defendant to whom the ISP
assigned the IP address.  The plaintiff may also serve a Rule 45 subpoena on
any service provider identified in response to a subpoena as a provider of
internet services to the defendant.  The plaintiff shall attach a copy of the
Complaint and this Order to any subpoena issued pursuant to this Order.

3. Each of the ISPs that qualify as a "cable operator" under 47 U.S.C. 522(5)* shall comply with 47 U.S.C. 551(c)(2)(B), which provides that:

> A cable operator may disclose [personally identifiable information] if the disclosure is ... made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

4. Upon receipt of the requested information in response to the Rule 45 subpoena served on an ISP, the plaintiff shall only use the information disclosed for the purpose of protecting and enforcing the plaintiff's rights as set forth in the Complaint.

5. To address potential issues relating to the identity of the defendant, the parties shall adhere to the following procedures:

a. The plaintiff shall immediately inform the defendant who contacts the plaintiff or whom the plaintiff contacts that said defendant has the right to obtain legal counsel to represent him or her in this matter and that anything said or provided by the defendant can and likely will be used against him or her in this proceeding.

---

* "[T]he term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system[.]" 47 U.S.C. 522(5).

-5-

b. If the defendant does not wish to be contacted by the plaintiff, the defendant may at any time inform the plaintiff by phone or send the plaintiff's counsel a letter or e-mail addressed to klipscomb@lebfirm.com that states: "Please do not contact me (again) prior to serving me in this matter."

c. The plaintiff must notify the defendant, or his or her counsel if represented, of the plaintiff's intent to name and serve the defendant at least 14 calendar days prior to seeking issuance of a summons from the Clerk for the identified defendant.

d. The plaintiff shall inform the defendant of the potential for sanctions under Rule 11, Fed.R.Civ.P., if the defendant is incorrectly identified.

e. The plaintiff shall provide a copy of this Order to the defendant.

f. The plaintiff must notify the defendant that he or she may submit a written or electronic objection to the plaintiff's counsel. If the defendant asserts that he or she did not personally commit the infringing act, the defendant must identify the individual responsible for the infringement, or, if the identity of the infringing individual is unknown, provide exculpatory

evidence regarding the defendant's innocence. The plaintiff's counsel shall file, or attempt to file, that objection, under seal, with this court, along with any response the plaintiff has to the objection. See Local Rule 1.09. Thereafter, the court will consider the defendant's objection and the response, and determine if the case shall proceed against the identified defendant. Until the court makes such a determination, the plaintiff may not identify the defendant by name in this lawsuit. If, however, the defendant does not object in writing or electronically, the plaintiff may proceed by naming the defendant in this case.

DONE and ORDERED at Tampa, Florida, this 15 day of December, 2014.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE