UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOOD MAN PRODUCTIONS, INC.,

    Plaintiff,

v.                                        Case No. 8:14-cv-3007-T-33TGW

JAMIE NAZARIO,

    Defendant.
_____/

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST JAMIE NAZARIO

THIS CAUSE is before the Court on Plaintiff's Motion for Default Judgment Against Jamie Nazario. Having considered the Motion, being otherwise duly advised in the premises, and good cause appearing, the Court hereby finds that:

1. The address of Plaintiff is:

   100 Universal City Plaza #5183
   Universal City, CA  91608

2. The name and address of Defendant is:

   Jamie Nazario
   4624 Landscape Drive
   Tampa, FL  33624

3. This Court has jurisdiction over the subject matter of this case and the parties.

4. Venue is proper in this District.

5. The Amended Complaint states claims for direct copyright infringement, in violation of 17 U.S.C. § 106, and contributory copyright infringement upon which relief may be granted against Defendant.

1

6. Defendant has failed to plead or otherwise defend against Plaintiff's Amended Complaint in this action.

7. Default was entered as to Defendant on May 20, 2015.

8. Defendant is not a minor, incompetent person or in active military service.

9. By reason of default, Defendant has admitted the truth of the allegations in Plaintiff's Amended Complaint.

10. Under Count I of the Amended Complaint, Defendant is hereby found liable to Plaintiff for willfully committing direct copyright infringement.

11. Defendant will continue to cause Plaintiff irreparable injury. Specifically, there is an existing threat of continued violations of Plaintiff's exclusive rights to reproduce, distribute, perform and display the copyrighted work ("A Good Man," Registration Number PAu003737452) (the "Work") through Defendant's use of the BitTorrent protocol to upload and download the Work between and among peer users without authorization from Plaintiff.

12. There will be no injury to Defendant caused by entry of a permanent injunction requiring Defendant to cease infringing Plaintiff's Work.

13. Entry of a permanent injunction against Defendant is in the public interest because it "preserv[es] the integrity of copyright laws which encourage individual effort and creativity by granting valuable enforceable rights." DSC Communications Corp. v. DGI Technologies, 898 F. Supp.1183, 1196 (N.D. Tex. 1995).

14. In accordance with Rule 65(d), Federal Rules of Civil Procedure, this Default Judgment shall be binding upon Defendant and all other persons in active concert or participation with Defendant who receive actual notice of this Default Judgment.

15. Plaintiff has submitted a Declaration demonstrating that Plaintiff expended a total of $1,657.00 in attorneys' fees and costs, which amount this Court finds reasonable.

Based on the foregoing findings, it is:

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for Entry of Default Judgment (Doc. # 30) is **GRANTED.** Defendant Jamie Nazario:

   (a) shall pay to Plaintiff the sum of $30,000.00 in statutory damages, as authorized under 17 U.S.C. § 504(c)(1), and $1,657.00 for attorneys' fees and costs, as authorized under 17 U.S.C. § 505, making a total of $31,657.00, **for which let execution issue forthwith**;

   (b) shall pay to Plaintiff post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961 as of the date of this Default Judgment until the date of its satisfaction;

   (c) be and hereby is enjoined from directly, contributorily or indirectly infringing Plaintiff's rights under federal or state law in the Work, including, without limitation, by using the internet, BitTorrent or any other online media distribution system to reproduce (e.g., download) or distribute the Work, or to make the Work available for distribution to the public, except pursuant to a lawful license or with the express authority or Plaintiff.

   (d) Be and is hereby ordered to destroy all copies of Plaintiff's work that the Defendant Jamie Nazario has downloaded onto any computer hard drive or server without Plaintiff's authorization, and shall destroy all copies of the Work transferred onto any physical medium or device in Defendant Jamie Nazario's possession, custody, or control.

(2) The Clerk is directed close the case.

**DONE** and **ORDERED,** in Chambers, in Tampa, Florida this 26th day of May, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All counsel and parties of record